IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


DENNIS M. GALLIPEAU                                    PLAINTIFF

VS.                         CIVIL ACTION NO. 5:12-cv-89(DCB)(MTP)

UNITED STATES OF AMERICA                               DEFENDANT


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendant United States of America's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (docket entry 17), the plaintiff Dennis M. Gallipeau's Motion to Strike (docket entry 25), and the plaintiff's motion for summary judgment (docket entry 28), as well as the Report and Recommendation of Magistrate Judge Michael T. Parker (docket entry 34) and the plaintiff's Objections thereto (docket entry 35).  Having carefully considered same, and being fully advised in the premises, the Court finds as follows:

The plaintiff, an inmate at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), alleging that the defendant's employees were negligent in preparing his food.  Specifically, the plaintiff alleges that on June 1, 2011, the Food Service Department at FCC served him and the other inmates a chicken and rice dinner that contained bones.  He claims that he was injured as a direct and proximate result of the bones being left in the chicken and rice meal.  Specifically, he alleges that he suffered two broken

teeth, a loose filling, and an abscess that resulted in an infection in his gums. He claims that the dentist at FCC informed him that the tooth which developed the abscess will have to be removed. Because the defendant submitted matters outside the pleadings, the magistrate judge characterized its motion as one for summary judgment and allowed the plaintiff to conduct discovery. The plaintiff also filed a counter-motion for summary judgment, as well as a motion to strike certain exhibits of the defendant.

The FTCA creates "a limited waiver of sovereign immunity making the United States liable to the same extent as private parties for certain torts of federal employees acting within the scope of their employment." Montoya-Ortiz v. Brown, 154 F. App'x 437, 439-40 (5th Cir. 2005)(citing Unites States v. Orleans, 425 U.S. 807, 813 (1976); 28 U.S.C. § 1346(b)). Liability of the United States under the FTCA is generally determined by reference to state law. Molzof v. United States, 502 U.S. 301, 305 (1992). In Mississippi, the elements for negligence are (1) duty, (2) breach of duty, (3) causation, and (4) injury. Patterson v. Liberty Assocs., L.P., 910 So. 2d 1014, 1019 (Miss. 2004). The plaintiff must prove these elements by a preponderance of the evidence. Id. In a summary judgment context, "the plaintiff must rebut the defendant's claim (i.e., that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value." Palmer v. Biloxi Reg'l Med.

<u>Ctr., Inc.</u>, 564 So.2d 1346, 1355 (Miss. 1990).  "Mere allegation or denial of material fact is insufficient to generate a triable issue of fact and avoid an adverse rendering of summary judgment."  <u>Id</u>.

In his Report and Recommendation, Magistrate Judge Parker finds that the plaintiff has not shown a genuine issue of material fact regarding causation and injury.  The defendant's records show that the inmates were not served chicken and rice at any time during the week of June 1, 2011.  Furthermore, the plaintiff did not report any injury on or around June 1, 2011.  On August 22, 2011, the plaintiff submitted an Inmate Request to Staff form, requesting that he be placed on the waiting list for a teeth cleaning.  The request did not mention any problems with his teeth. On October 28, 2011, the plaintiff presented to sick call at the Dental Clinic and complained that the "back half of [his] upper tooth broke off while eating."  He was examined by Dr. John Lockhart, a staff dentist at FCC, who observed a tooth with a large portion of amalgam that had fractured.  The tooth was restored and sealed.  The records do not indicate that the plaintiff made any further complaints about the tooth, or that he broke two teeth; nor is there any indication in his dental records that he suffered a large abscess and gum infection.  Dr. Lockhart also opined that it is likely the fractured filling was fractured or came loose as a result of its size, not from biting down on a chicken bone.

The Report and Recommendation also finds that the plaintiff

3

has failed to demonstrate a genuine issue of material fact regarding breach of duty. The defendant's records show that all meals are prepared in accordance with the Federal Bureau of Prisons' Good Nutritional Guidelines. When the chicken and fried rice dinner is served, the chicken used is purchased in bulk from a local vendor. The chicken is a tender (breast portion) that is skinned, boned and diced by the supplier. It is delivered to FCC Yazoo frozen and packaged in 40lb. bags or cases. When it is to be served with fried rice, it is removed from the packaging and placed in a steam kettle, then cooked and placed in a steam pan until it is served.

Having failed to establish a genuine issue of material fact regarding breach of duty, causation and injury, the plaintiff has not shown grounds for the denial of the defendant's motion; furthermore, the plaintiff has not shown any grounds for his own motion for summary judgment. The Court also finds that the plaintiff's motion to strike should be denied.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 34)** is ADOPTED as the findings of this Court;

FURTHER ORDERED that the defendant United States of America's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **(docket entry 17)**, which has been converted to a motion

for summary judgment, is GRANTED;

FURTHER ORDERED that the plaintiff Dennis M. Gallipeau's Motion to Strike **(docket entry 25)**, and motion for summary judgment **(docket entry 28)** are DENIED.

A final judgment dismissing this action with prejudice shall follow.

SO ORDERED, this the 8th day of August, 2013.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE